**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

SIEW LIAN RIVERA a/k/a/ JOANNE RIVERA**,**

                Plaintiff,                              <u>OPINION</u>

               -against-                     06-CV-2837 (NGG) (RER)

NDOLA PHARMACY CORP., NDOLA
HOLDING LLC, KHANDUBHAI PATEL,
NATVAR PATEL, MADHUSUDAN PATEL, and
ABDOUL HAMEED,

                 Defendants.

----------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiff Siew Lian Rivera ("plaintiff"or "Rivera") brought this action alleging violations

of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), New York Labor Law, Articles 6

and 19 ("Labor Law"), New York State Human Rights Law, Executive Law §§ 290 *et seq.*

("Human Rights Law"), and the Administrative Code of the City of New York §§ 8-101 *et seq.*

("Administrative Code"), as well as asserting the following common law claims: battery,

intentional infliction of emotional distress, negligent retention and supervision of a supervisor,

and negligent infliction of emotional distress.

       Before this Court is Ndola Pharmacy Corp.'s ("Ndola Pharmacy"), Ndola Holding LLC's

("Ndola Holding"), Khandubhai Patel's ("K. Patel"), Natvar Patel's ("N. Patel"), Madhusudan

Patel's ("M. Patel"), and Abdoul Hameed's ("Hameed") motion for partial summary judgment

and to remand certain state law claims. Also before this Court is defendants Ndola Pharmacy's,

Ndola Holding's, K. Patel's, and N. Patel's motion to amend the answer and, upon amendment,

dismiss plaintiff's claims arising that arose prior to her discharge from bankruptcy, and to

dismiss the complaint with respect to defendants Ndola Holding, K. Patel, and N. Patel. The parties have consented to have me decide these motions pursuant to 28 U.S.C. § 636(c)(1).

For the reasons set forth below, defendants' motion for partial summary judgment is denied and the motion to "remand" is granted in part and denied in part.[1] The motion to amend the answer and dismiss plaintiff's claims prior to her discharge from bankruptcy is granted in part and denied in part. The motion to dismiss the claims against defendants Ndola Holding, K. Patel, and N. Patel is granted in part and denied in part.

Facts[2]

From 1999 until January 2006, plaintiff was employed by Ndola Pharmacy. Defs' 56.1 Stmt ¶ 1; Plaintiff's Response to Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Pl's 56.1 Response") ¶ 1. Plaintiff was never employed by Ndola Holding, a limited liability company that was incorporated separately from Ndola Pharmacy and that files its taxes separately. Defs' 56.1 Stmt ¶¶ 3-5; Pl's 56.1 Response ¶¶ 3-5. Plaintiff's W-2 forms were issued solely by Ndola Pharmacy. Defs' 56.1 Stmt ¶ 6; Pl's 56.1 Response ¶ 6.

---

[1] Defendants curiously denominate their motion as one to remand; however, the Court cannot remand these claims because they were never removed from state court. Thus, the Court treats this motion as a motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

[2] In support of their motions, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel submitted a statement of undisputed facts, Statement of Facts Pursuant to Local Rule 56.1 ("Defs' 56.1 Stmt"), an affidavit by their attorney Deborah Del Sordo, Del Sordo Affidavit in Support of Defendants' Motion ("Del Sordo Aff."), a memorandum of law, Del Sordo Memorandum of Law ("Del Sordo Memo"), a reply affidavit, Del Sordo Reply Affidavit ("Del Sordo Reply Aff."), and a reply memorandum of law, Del Sordo Reply Memorandum of Law ("Del Sordo Reply Memo"). Defendants M. Patel and Hameed submitted an affidavit by their attorney Nadia L. Moussa, Moussa Affidavit in Support of Defendants' Motion ("Moussa Aff."), and a memorandum of law, Moussa Memorandum of Law ("Moussa Memo").

Plaintiff alleges that she regularly worked more than 40 hours a week during the entire period of her employment without receiving compensation for her overtime hours. Complaint ¶¶ 19-20. She alleges that at the time her employment ended, she made $500 a week. *Id.* ¶ 18. She further alleges that N. Patel increased her wages as a result of her agreement to accompany him to breakfast and lunch. *Id.* ¶ 25. According to plaintiff, N. Patel began sexually harassing her, in part during these meetings, by repeatedly attempting to have sex with her, hugging her against her will, and sending her gifts and cards. Complaint ¶¶ 26-31. Sometime in 2003, N. Patel discovered plaintiff had a boyfriend and discontinued his advances. *Id.* ¶ 32.

Plaintiff additionally alleges that Hameed made sexually suggestive statements to her, hugged her, and attempted to kiss her. Complaint ¶¶ 33-37. She alleges that when she rejected Hameed's advances, Hameed and another employee treated her with hostility and made false accusations to her employers in retaliation. *Id.* ¶¶ 38-40, 57, 68. Plaintiff also alleges M. Patel made sexually suggestive statements to her, touched her breast and butt, attempted to kiss her, and displayed his genitals to her. *Id.* ¶¶ 42-69. She alleges that N. Patel did not investigate any of the alleged incidents when she complained about the harassment, and that K. Patel threatened to fire her and prevented her from reporting the harassment to the police. *Id.* ¶¶ 51-56, 58, 68-71.

<u>Discussion</u>[3]

I.    <u>Relevant Legal Standards</u>

    A.    <u>Summary Judgment</u>

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. at 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp. 2d 521, 524 (E.D.N.Y. 2004).

To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the opposing party does not set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. FED. R. CIV. P. 56(c).

---

[3] Plaintiff does not object to the dismissal of Ndola Holding from the current suit; therefore, that motion is granted. Plaintiff's Reply Memorandum of Law ("Pl's Reply Memo") at 20. Because defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel concede that there remains a material issue of fact as to whether N. Patel and K. Patel are individually liable as employers for the purposes of plaintiff's FLSA and state overtime claims, the motion to dismiss these claims against N. Patel and K. Patel is denied. Del Sordo Reply Aff. ¶ 4(d).

B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); FED. R. CIV. P. 12(b)(1). When determining a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)); *see also Mascoll v. Strumpf*, No. 05-CV-667, 2006 WL 2795175, at *2-3 (E.D.N.Y. Sept. 26, 2006). The district court may also consider evidence outside of the pleadings. *Makarova*, 201 F.3d at 113. Plaintiff bears the burden of proving that subject matter exists by a preponderance of the evidence. *Id.*; *see also Mascoll*, 2006 WL 2795175, at *3.

C.    Supplemental Jurisdiction

Plaintiff alleges this court has jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Complaint ¶ 4. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted); 28 U.S.C. § 1367(a). Claims are part of the same case or controversy when both the state law claims and federal claims "derive from a common nucleus of operative fact."[4]

---

[4] Plaintiff suggests that the Second Circuit now requires only "a loose factual connection between the claims." Pl's Reply Memo at 10 (citing *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004)). The language upon which plaintiff relies, however, was merely dicta, as the Court found that the claims met the "common nucleus of operative fact" test. *Ford Motor Credit Co.*, 358 F.3d at 214. Furthermore, later Second Circuit cases have still applied the

*Briarpatch*, 373 F.3d at 308 (citation and internal quotation marks omitted); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Once a common nucleus is found, a federal court's exercise of supplemental jurisdiction, "while not automatic, is a favored and normal course of action." *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991). However, the court has discretion to decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law," the state law claims "substantially predominates," the district court has dismissed all claims over which it has original jurisdiction, or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

> D.     Amendment of Pleadings

Leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, leave to amend should be denied when the amendment is futile because it "could not withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Thus, a court should deny leave only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) (citing to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

> II.     Plaintiff's FLSA And Labor Law Claims Survive Summary Judgment

All defendants have moved for partial summary judgment on plaintiff's FLSA and Labor Law overtime claims. Defendants argue that there is no material issue of fact with regard to

---

"common nucleus of operative fact" test. *See Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

these claims because plaintiff has provided no evidence other than her deposition testimony to establish that she worked overtime.[5]  Defendants contend that plaintiff's testimony is insufficient because she fails to mention specific dates on which she worked overtime.  Defendants further argue that plaintiff's testimony is not credible because she admitted that she lied to federal agencies in the past.  Specifically, plaintiff testified that she filed false income tax returns and failed to report the full amount of her income during her previous bankruptcy proceedings.  Plaintiff argues in opposition that because her employer failed to keep accurate records, her recollection of hours worked constitutes sufficient evidence of overtime violations.  Plaintiff also argues that although she admitted lying to federal agencies in the past, her admission is insufficient to find her testimony not credible as a matter of law.

Under the FLSA, an employee bringing an action for unpaid overtime compensation "has the burden of proving that he performed work for which he was not properly compensated."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  When the employer's records are inaccurate or inadequate, the employee may meet this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

---

[5] The FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1) (2007).  Similarly, the Labor Law provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in . . . the Fair Labor Standards Act of 1938, as amended."  N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2 (2007).

inference."[6] *Id*; *see also Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31-32 (2d Cir. 2002). Plaintiff may meet this burden by relying solely on his or her recollection. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 327, 335 (S.D.N.Y. 2005).

The records submitted by defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel do not meet the requirements of federal and state law. The FLSA provides that "[e]very employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ." 29 U.S.C. § 211(c) (2007). Similarly, the Labor Law provides that "[e]very employer shall keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and such other information as the commissioner deems material and necessary . . . ." N.Y. LAB. LAW § 661 (2007). Defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel submitted records compiled by N. Patel in preparation for his deposition, plaintiff's W-2s, and letters prepared during plaintiff's employment at her request. Del Sordo Aff., Exh. E, F, H; Del Sordo Reply Aff., Exh. B.

Defendants have not provided sufficient evidence of plaintiff's hours or wage rate. The records compiled by N. Patel in preparation for his deposition are insufficient because they only contain a sampling of weeks throughout the year, and no records have been provided for 2002 through 2004, years during which plaintiff alleges she worked overtime. Del Sordo Reply Aff.,

---

[6] The Labor Law incorporates a similar standard, stating "failure of an employer to keep adequate records . . . shall not operate as a bar to filing of a complaint by an employee. In such a case the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits, and wage supplements." N.Y. LAB. LAW § 196-a (2007).

Exh. B.  The records N. Patel compiled were based on time sheets that contained only the employee's name and amount paid that week.  Del Sordo Aff., Exh. H.  Thus, these records are insufficient evidence of the hours worked by plaintiff.  In fact, N. Patel testified that the pharmacy did not keep records of the hours employees worked, and that he threw away the sheets of paper that the supervisors gave him each week containing the employees' hours.  *Id.* Plaintiff's W-2s also do not provide evidence of her worked hours or her wage rate.  Del Sordo Aff., Exh. F.  Finally, the letters prepared during plaintiff's employment list only general hours and weekly pay.  Del Sordo Aff., Exh. E.  While these letters would possibly provide data for the calculation of plaintiff's hourly wage rate, they do not provide evidence of plaintiff's actual hours worked.  *Id.*  Finally, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel allege that the cash register tapes provide sufficient documentation of plaintiff's hours, but these have not been provided to the court.  Del Sordo Reply Aff. ¶ 13.

The records provided are also insufficient because they contradict N. Patel's testimony.  During his deposition, N. Patel testified that plaintiff began working part-time in May 2003.  Del Sordo Aff., Exh. H.  However, plaintiff's W-2s do not reflect any decrease in her yearly gross income.  Del Sordo Aff., Exh. E; *see also* Pl's Reply Memo at 26.  Plaintiff testified that she became a part-time employee in June or July 2004, yet plaintiff's W-2s again do not reflect any change in yearly gross income.  Del Sordo Aff., Exh. C, E; *see also* Pl's Reply Memo at 26.  Finally, N. Patel testified that the hourly wage rate listed at the top of the documents prepared for his deposition refers to plaintiff's net hourly wage rate and the letters prepared during plaintiff's

employment refer to plaintiff's gross wages, but both contain the same figures.[7]  Del Sordo Aff.,

Exh. E, H; Del Sordo Reply Aff., Exh. B.

As defendants' records are inadequate, plaintiff's estimates may constitute sufficient

evidence, and "the employer cannot be heard to complain that the damages lack the exactness

and precision of measurement that would be possible had he kept records." *Mt. Clemens Pottery*

*Co.*, 328 U.S. at 688; *see, e.g., Tho Dinh Tran*, 281 F.3d at 29, 31 (plaintiff's estimates of his

work hours constituted sufficient evidence); *Reich v. Southern New England*

*Telecommunications*, 121 F.3d 58, 67 (2d Cir. 1997) (same); *Doo Nam Yang*, 427 F. Supp. at

333, 336 (same); *cf. Grochowski v. Phoenix Construction*, 318 F.3d 80, 88 (plaintiffs did not

provide sufficient evidence where records submitted did not provide a basis for determining both

the hours and wages of plaintiffs).  During her deposition, plaintiff testified that her normal hours

were 9:00 a.m. to 5:00 p.m., Monday to Friday.  Del Sordo Aff., Exh. C.  Beginning in early

2000 until June or July 2004, plaintiff worked at least three times per week from 9:00 a.m. to

7:30 p.m. at N. Patel's request.  *Id*.  During the same period, plaintiff worked three Saturdays a

month for six hours, and one Sunday a month for six hours.  *Id*.  Plaintiff claims she did not

receive compensation for her overtime work.  *Id*.  At least one other employee, Daritza Peña, saw

plaintiff working on two to three weekends per month during 2004 and did not recall observing

plaintiff receive compensation for this work.  Affirmation of Kristen E. Finlon in Opposition to

---

[7] For example, in the year 2001, N. Patel's documents show plaintiff earning $6 an hour
in net pay, resulting in plaintiff receiving $240 in net pay for the week of May 18, 2001, yet a
letter prepared during plaintiff's employment dated May 1, 2001, stated that plaintiff was earning
$240 in gross pay at the time.  Del Sordo Aff., Exh. E; Del Sordo Reply Aff., Exh. B.

Defendants' Motion for Dismissal and Summary Judgment ("Finlon Aff."), Exh. C ¶ 4, 7.[8]

While defendants are correct that this does not establish that Rivera was working overtime, rather than making up lost hours, Del Sordo Reply Aff. ¶ 11, Peña's affidavit does support Rivera's testimony. Plaintiff has also provided sufficient evidence of her wages. During this time period, plaintiff testified she was paid $500 a week. Del Sordo Aff., Exh. C; *see also* Finlon Aff., Exh. A ¶ 3.

Defendants also argue that plaintiff's testimony alone is insufficient because plaintiff is not a credible witness. While the general rule is that district courts may not assess a witness's credibility at the summary judgment stage, *e.g., Anderson*, 477 U.S. at 255, the Second Circuit has recognized an exception when plaintiff relies almost exclusively on her own testimony. *See Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005). When a plaintiff does rely almost exclusively on her own testimony, the district court may dismiss the case if no reasonable jury would credit plaintiff's testimony. *Id*. (affirming summary judgment where the only evidence was plaintiff's testimony, which "was 'so replete with inconsistencies and improbabilities' that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint") (citing *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 475 (S.D.N.Y.

---

[8] Defendants argue that Peña's affidavit should not be considered because "courts should not consider affidavits of parties executed for the exclusive purposes of creating an issue of fact to defeat motions for summary judgment." Del Sordo Reply Memo at 8 (citing *Mack v. United States*, 814 F.2d 120 (2d Cir. 1987)); *see also* Del Sordo Reply Aff. ¶ 11. However, defendants misstate the holding of *Mack*. In *Mack*, the court refused to consider an affidavit submitted by a party where the affidavit directly contradicted the party's earlier testimony during his deposition, stating "[i]t is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." *Mack*, 814 F.2d at 124 (citations omitted). In contrast, Peña is not a party, and as she has not been previously deposed. Therefore, her affidavit cannot contradict her prior deposition testimony. As such, the affidavit is considered by the court on this motion.

2003)); *see also Dove v. City of New York*, No. 03-CV-5052, 2007 WL 805786, at *5-6 (E.D.N.Y. Mar. 15, 2007) (granting summary judgment where plaintiff's testimony revealed he had no personal knowledge of alleged conspiracy to assault him, was contradicted by hospital records, and provided contradictory descriptions of plaintiff's alleged injuries); *Ward v. Coughlin*, No. 93-CV-1250, 1996 WL, at *3 n.6 631747 (N.D.N.Y. Oct. 21, 1996) (granting summary judgment where the only evidence submitted by plaintiff was his own affidavit, which was "conclusory and speculative and [was] contradicted by much of the evidence in the record"); *Schmidt v. Tremmel*, No. 93 CIV. 8588, 1995 WL 6250, at *3 (S.D.N.Y. Jan. 6, 1995) (granting summary judgment where "no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations" made in the complaint).

Defendants claim that plaintiff is not a credible witness because she lied to federal authorities in the past. Moussa Aff. ¶ 15. In particular, they point to plaintiff's admission that she filed false income tax returns while she worked at the pharmacy. Del Sordo Aff., Exh. C, F; *see also* Del Sordo Aff. ¶ 9, 12; Moussa Aff. ¶ 8; Del Sordo Reply Aff. ¶ 16. Plaintiff also admitted reporting a false income in her bankruptcy petition and on a worker's compensation record.[9] Del Sordo Aff., Exh. C, D, G; *see also* Del Sordo Aff. ¶ 7, 9, 13; Moussa Aff. ¶ 7, 10; Del Sordo Reply Aff. ¶ 16. Finally, defendants contend that the letters written during plaintiff's employment include letters in plaintiff's own handwriting that indicate she did not work

---

[9] Plaintiff's bankruptcy petition reported that she made $440 a month. Del Sordo Aff., Exh. H. Plaintiff's worker's compensation record reported that she made $240 a week. Del Sordo Aff., Exh. D.

overtime.[10]  Del Sordo Aff., Exh. C, E; *see also* Del Sordo Aff. ¶ 10; Moussa Aff. ¶ 9; Del Sordo Reply Aff. ¶ 16.

Additionally, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel argue that plaintiff is not a credible witness because her testimony is implausible.  Plaintiff claims to have taught piano lessons in 2004 when she also claimed to have worked overtime.  Del Sordo Reply Aff. ¶ 14; Rivera Aff. ¶ 6.  These defendants conclude that plaintiff was teaching piano lessons on the weekend, contrary to plaintiff's and Peña's testimony that plaintiff was working at Ndola Pharmacy on the weekend.  Del Sordo Reply Aff. ¶ 14; *see* Del Sordo Aff., Exh. C; Finlon Aff., Exh. C ¶ 4.  They also argue that plaintiff could not have worked until 7:30 p.m. three nights a week because her daughter was in an after-school program that ended at 5:30 p.m.  Del Sordo Reply Aff. ¶ 15; *see* Finlon Aff., Exh. A ¶ 7, D.

While defendants are correct that plaintiff's past interactions with federal authorities bring into question her credibility, they are not fatal to her claim at this stage.  Although plaintiff admitted she lied about her hours and wages in the past, it does not follow that she must necessarily be lying about her hours and wages to the Court.  In *Doo Nam Yang*, 427 F. Supp. at 334, which involved an FLSA overtime claim, the plaintiff was found to be a credible witness despite inconsistencies between his testimony regarding his hours and wages and his income taxes.  *Id.* (stating "the Court believes that while Yang may have filed false tax returns, his testimony concerning his wages was truthful").  Similarly, in *Blake v. Race*, No. 01-CV-6954, 2007 WL 952063, (E.D.N.Y. Mar. 29, 2007), the court refused to grant summary judgment

_____

[10] Plaintiff cannot recall if she submitted these letters to Medicaid.  Del Sordo Aff., Exh. C.

despite significant evidence that the witness had previously provided false testimony. *Id.* at *1. Despite the evidence, including a conclusion by a district court judge in another proceeding in 2001 that the plaintiff's primary witness was "a witness who no longer cares about the truth or falsity of his testimony," the court stated that the credibility judgment should be made by the jury. *Id.* (internal citations omitted); *cf. Jeffreys v. City of New York*, 426 F.3d at 552 (affirming summary judgment on plaintiff's claim that he was beaten and thrown out of window by police officers because plaintiff was unable to provide any identifying features of officers that allegedly attacked him, could not recall the number of police officers present, and had confessed to jumping out of window on three separate occasions). Thus, I find that plaintiff's admissions are insufficient for her testimony to be deemed not credible at this stage of the proceeding. While defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel argue that plaintiff has "continuously changed her testimony as to critical material facts," Del Sordo Reply Aff. ¶ 16, they do not provide any information as to which facts plaintiff has changed or when plaintiff changed her testimony. As such, the determination of plaintiff's credibility should be left to the jury.

With respect to the allegations that plaintiff's testimony is implausible, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel's conclusions are but one way of interpreting the evidence. A reasonable jury could conclude that plaintiff taught piano lessons only on the days of the weekend when she was not working overtime. For example, on weekends when plaintiff worked at the pharmacy on Saturday, she may have taught piano lessons on Sunday. Alternatively, a reasonable jury could conclude that plaintiff taught piano lessons after her shifts ended on weekends. Furthermore, plaintiff explained that on the evenings she worked until 7:30

p.m. she would either pick up her daughter from the after-school program and take her daughter

back to the store with her or she would arrange for someone else to pick her daughter up.  Finlon

Aff., Exh. A ¶ 8.  Thus, plaintiff's statements are not inherently inconsistent, and her testimony

cannot be considered not credible as a matter of law.  Plaintiff has established that there is an

issue of genuine fact in dispute, and therefore defendants' motion for partial summary judgment

on plaintiff's FLSA and Labor Law overtime claims is denied.

III.    Defendants' Motion to Dismiss Is Granted in Part

All defendants have moved to dismiss plaintiff's state law claims alleging violations of

the Human Rights Law, the Administrative Code, battery, intentional infliction of emotional

distress, negligent retention and supervision of a supervisor, and negligent infliction of emotional

distress for lack of subject matter jurisdictions.[11]  Defendants contend that the Court does not

have supplemental jurisdiction over these state law claims because they do not share a common

nucleus of facts with the federal overtime claim.  Defendants argue that the only fact the claims

share in common is that they occurred during plaintiff's employment at Ndola Pharmacy, and

they contend this is insufficient.  Defendants further argue that these state law claims and the

federal overtime claim are separately maintainable.  Plaintiff argues in opposition that the

employment relationship is sufficient to create a common nucleus of facts.  Plaintiff further

argues that the alleged sexual harassment of N. Patel, Hameed, and M. Patel led to an overall

hostile work environment.  Finally, plaintiff contends that N. Patel's alleged sexual harassment

---

[11] Defendants do not challenge the court's exercise of supplemental jurisdiction over
plaintiff's state law overtime claims.  Moreover, these claims clearly meet the "same case or
controversy" requirement as they arise out of the same events as the FLSA overtime claims.

arises from the same facts as her federal overtime claim because it is linked to her wage rate

during the time period she alleges she was working overtime.

A.    Plaintiff's Sexual Harassment Claim Against N. Patel

Plaintiff's allegations of sexual harassment by N. Patel, in violation of the Human Rights

Law and the Administrative Code, clearly derive from the same "common nucleus of operative

fact" as plaintiff's FLSA overtime claim.  As discussed earlier, in order to recover for her

overtime claim, plaintiff must prove her wages.  Plaintiff alleges her wages were $240 per week

on the books and $260 per week off the books.  Del Sordo Aff., Exh. C.  She further alleges that

N. Patel increased her wages as a result of her agreement to be his "friend" and accompany him

to breakfast and lunch.  *Id.*; Complaint ¶ 25; *see also* Finlon Aff., Exh. A ¶ 3.  According to

plaintiff, N. Patel began sexually harassing her, in part during these meetings.[12]  Complaint ¶¶

26-31.  Sometime in 2003, N. Patel discovered plaintiff had a boyfriend and discontinued his

advances.  *Id.* ¶ 32; Finlon Aff., Exh. A ¶ 9.  Plaintiff alleges N. Patel reduced her pay by $100,

in part because he refused her advances, and plaintiff became a part time employee.  Finlon Aff.,

Exh. A ¶ 10.  Plaintiff's allegations of sexual harassment against N. Patel are closely related to

her wages during her employment, and as such, arise from a "common nucleus of operative fact"

as her FLSA overtime claim.

Defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel argue that plaintiff's

allegations of sexual harassment are unrelated to her FLSA overtime claim because plaintiff

cannot recover for the original act in 2000, when N. Patel initially increased plaintiff's pay.  The

_____

[12] Plaintiff claims N. Patel repeatedly attempted to have sex with her, hugged her against her will, and sent her gifts and cards.  Complaint ¶¶ 26-31.

statute of limitations on a claim of sexual harassment is three years; thus, plaintiff cannot recover for any alleged sexual harassment violations occurring prior to June 6, 2003. Del Sordo Reply Aff. ¶ 8, 10; Del Sordo Reply Memo at 4. Plaintiff, however, may be able to recover for related acts, as she has alleged a pattern of sexual harassment by N. Patel that did not end until sometime in 2003, and would be able to recover for any harassing acts occurring after June 6, 2003. Complaint ¶ 32; Finlon Aff., Exh. A ¶ 9. Furthermore, plaintiff's claim of sexual harassment is relevant to the issue of plaintiff's wages because she alleges N. Patel decreased her wages after she refused him. Finlon Aff., Exh. A ¶¶ 9-10.

Although supplemental jurisdiction is discretionary, once claims constitute part of the same case or controversy, the exercise of supplemental jurisdiction is the preferred course of action unless there is a compelling reason not to. *See Promisel*, 943 F.2d at 254. There does not appear to be any reason why the Court should not exercise supplemental jurisdiction over plaintiff's sexual harassment claim as it relates to N. Patel. It does not raise a novel or complex issue of state law, nor has the Court dismissed all claims over which it has original jurisdiction. Plaintiff's sexual harassment claim is intricately connected to her FLSA overtime claim because it is directly linked to her allegations that her wages were $500 per week. Therefore, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel's motion to remand plaintiff's sexual harassment claim against N. Patel is denied.

B.     The Remaining State Law Claims Must Be Dismissed

Typically, supplemental jurisdiction is appropriate for claims during the employment relationship because those claims arise from the same underlying factual basis. *See, e.g., Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (exercise of supplemental jurisdiction was

proper where plaintiff's state and federal claims arose "out of approximately the same set of events"); *Promisel*, 943 F.2d at 254 (exercising supplemental jurisdiction where plaintiff's federal ADEA claim and state law claims were based on plaintiff's termination). However, the only factual link between plaintiff's claims of sexual harassment by M. Patel and Hameed, unlawful retaliation, negligent retention and supervision of a supervisor, intentional infliction of emotional distress, and battery (collectively "plaintiff's remaining state law claims") and the FLSA overtime claim is that the underlying events occurred during the course of plaintiff's employment by Ndola Pharmacy.

The Circuits are divided as to whether the employment relationship alone is sufficient to find a "common nucleus of operative fact" between an employee's FLSA claims and state law claims. *Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995) (employment relationship was insufficient); *cf. Prakash v. American Univ.*, 727 F.2d 1174 (D.C. Cir. 1984) (employment relationship was sufficient). Although the Second Circuit has yet to address this issue, precedents suggest that the link is too tenuous in the instant case to provide a "common nucleus of operative fact." In *Young v. New York City Transit Authority*, 903 F.2d 146 (2d Cir. 1990), the court found there was no "common nucleus of operative fact" where the federal claim raised "legal issues completely unrelated to those presented by the state" claim. *Id.* at 164; *see also Bu v. Benenson*, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001) (claims were not "part of the same case or controversy" where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims). Additionally, courts have held that there is no common nucleus of operative fact where the events underlying the federal claims occur at a different time than the events underlying the state law claims. *See, e.g., Wigand v. Flo-tek, Inc.*,

609 F.2d 1028, 1033 (2d Cir. 1980) (no common nucleus of fact where the events relevant to the federal claim occurred prior to the contract date but the events relevant to the state law claim occurred after); *Bray v. City of New York*, 356 F. Supp. 277 (S.D.N.Y. 2004) (plaintiffs' status as bike ride participants did not render claims "part of the same case or controversy" because the federal claim involved events which occurred during the bike ride whereas the state law claim involved events which occurred before the bike ride).

Plaintiff's remaining state law claims primarily occurred after plaintiff stopped working overtime and involve both different rights and underlying facts than plaintiff's overtime claims. Plaintiff's remaining state law claims all arise from the alleged sexual harassment of M. Patel and Hameed. M. Patel's alleged sexual harassment did not begin until April 2005, Complaint ¶ 42, and Hameed's alleged sexual harassment occurred around July 2005. *Id.* ¶ 37. However, plaintiff acknowledged that she did not work overtime after June or July 2004. Pl's 56.1 Response ¶ 2. Thus, at least the majority of the events surrounding plaintiff's remaining state law claims occurred after plaintiff stopped working overtime.

Additionally, none of the events alleged in plaintiff's remaining state law claims are relevant to plaintiff's FLSA overtime claim. Plaintiff alleges that Hameed made sexually suggestive statements to her, hugged her, and attempted to kiss her. Complaint ¶¶ 33-37. She alleges that when she rejected Hameed's advances, Hameed and another employee treated her with hostility and made false accusations to her employers in retaliation. *Id.* ¶¶ 38-40, 57, 68. Plaintiff also alleges M. Patel made sexually suggestive statements to her, touched her breast and butt, attempted to kiss her, and displayed his genitals to her. *Id.* ¶¶ 42-69. She alleges that N. Patel did not investigate any of the alleged incidents when she complained about the harassment,

19

and that K. Patel threatened to fire her and prevented her from reporting the harassment to the police. *Id.* ¶¶ 51-56, 58, 68-71.

Plaintiff argues that the sexual harassment of M. Patel and Hameed contributed to the overall hostile environment of the pharmacy; however, plaintiff has not alleged that this hostile environment was related to her failure to receive overtime compensation or an increase or decrease in her wages.[13] Pl's Reply Memo at 12; *see, e.g., Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 705 (2d Cir. 2000) (finding no "common nucleus of operative fact" where the common fact between the federal claim and the state law claims was a bank loan and the loan "was irrelevant to the federal claim"). Plaintiff further argues that the sexual harassment allegations against M. Patel are relevant to her FLSA overtime claim because M. Patel was purportedly responsible for reporting her hours. Pl's Reply Memo at 14; *see also* Del Sordo Aff., Exh. H. However, the alleged sexual harassment by M. Patel did not occur until after plaintiff stopped working overtime. *See* Complaint ¶ 42; Pl's 56.1 Response ¶ 2.

Plaintiff cites to the Second Circuit's holding in *Ford Motor Credit Co.*, 358 F.3d at 213-214, in support of her argument that the employment relationship satisfies the common nucleus test; however, that case is distinguishable. In *Ford Motor Credit Co.*, the Second Circuit found a "common nucleus of operative fact" between plaintiff's allegations of racial discrimination and Ford's counterclaims that plaintiffs were in default on their car loans. *Id.* The court found that all claims originated "from the Plaintiffs' decisions to purchase Ford cars." *Id.* at 214. Unlike the instant case, all claims could be traced to a single loan transaction between each individual

---

[13] The sexual harassment allegations against M. Patel and Hameed are only related, if at all, to the sexual harassment allegations against N. Patel, a claim over which this court does not have original jurisdiction. Pl's Reply Memo at 12.

plaintiff and Ford. Here, plaintiff's claims arise from many transactions occurring over several years and are related only because they occurred while plaintiff was an employee of Ndola Pharmacy.

Plaintiff's employment relationship is insufficient to create a "common nucleus of operative fact" where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims. As such, plaintiff's remaining state law claims do not form part of the same case or controversy as plaintiff's FLSA overtime claim; thus, the Court declines to exercise supplemental jurisdiction over these claims. Therefore, plaintiff's claims of sexual harassment by M. Patel and Hameed and retaliation under the Human Rights Law and the Administrative Code, negligent retention and supervision of a supervisor, intentional infliction of emotional distress, and battery are dismissed without prejudice.[14]

C.      Motion to Amend the Answer and Upon Amendment to Dismiss[15]

Defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel seek to amend their answer to assert an affirmative defense of lack of standing, and upon the amendment, to dismiss plaintiff's claims that arose prior to her discharge from bankruptcy.[16] Del Sordo Notice ¶ 1.

---

[14] Plaintiff remains free, of course, to pursue these claims in another forum.

[15] All parties concede that plaintiff may not recover wages for overtime prior to the filing of the bankruptcy petition on November 14, 2000. 11 U.S.C. § 541(a)(6); Pl's Reply Memo at 6; Del Sordo Reply Aff. ¶ 4(b); Del Sordo Reply Memo at 2. Therefore, the motion to amend the answer and to dismiss plaintiff's claims prior to November 14, 2000, is granted. Defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel also contend that the $260 plaintiff received off the books was a friendly cash gift rather than wages, and thus should not be recoverable. Del Sordo Reply Aff. ¶¶ 4-5. However, plaintiff's wages is an issue of fact that must be resolved by the jury.

[16] Defendants originally claimed plaintiff was discharged on April 11, 2001; however, defendants have conceded that the actual date was March 14, 2001. Del Sordo Notice of Motion

Defendants contend that plaintiff may not recover punitive damages, liquidated damages, or attorney's fees prior to her discharge from bankruptcy on March 14, 2001. Del Sordo Reply Aff. ¶ 4(b). The motion to amend the answer must be granted if these damages are a part of plaintiff's bankruptcy estate. All of the causes of actions that could be brought by plaintiff on the date of filing her petition became property of her bankruptcy estate upon the filing of the petition. 11 U.S.C. § 541(a)(1)[17]; *see also In re Costello*, 255 B.R. 110, 113 (Bkrtcy. E.D.N.Y. 2000). However, after the filing of the bankruptcy petition, "property of the estate is distinct from the property of the debtor." *In re Bell*, 225 F.3d 203, 215 (2d Cir. 215). Property acquired by the estate after the commencement of the case becomes property of the estate. 11 U.S.C. § 541(a)(7); *see also Bell*, 225 F.3d at 215. In contrast, property acquired by the debtor after the commencement of the case does not enter the estate. *Bell*, 225 F.3d at 215.

In order to determine whether a cause of action that accrues after the petition has been filed but before the bankruptcy proceeding terminates becomes property of the estate, courts look to the connection between the cause of action and the petitioner's pre-bankruptcy past. If the cause of action "is sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start," it becomes property of the bankruptcy estate. *In re Strada Design Associates, Inc.*, 326 B.R. 229, 236 (Bkrtcy. S.D.N.Y. 2005) (quoting *Segal v. Rochelle*, 328 U.S. 375 (1966)); *see also Charts v. Nationwide Mut. Ins. Co.*, 300 B.R.

("Del Sordo Notice") ¶ 1; Del Sordo Reply Aff. ¶ 3(b).

[17] 11 U.S.C. § 541(a) provides in relevant part that "[t]he commencement of a case under . . . this title creates an estate. Such an estate is comprised of all the following property . . . (1) All legal or equitable interests of the debtor in property *as of the commencement of the case*." (Emphasis added.)

552 (D. Conn. 2003); *In re Doemling*, 127 B.R. 954, 957 (W.D. Pa. 1991); *cf. Tilley v. Anizter Inc.*, 332 B.R. 501, 507-508 (D. Conn. 2005) (causes of action that accrue post-petition but prior to the termination of the bankruptcy proceeding become part of the bankruptcy proceeding); *Correll v. Equifax Check Services*, 234 B.R. 8, 10-11 (D. Conn. 1997) (same).

Plaintiff's overtime claims are not sufficiently rooted in her pre-bankruptcy past to become property of the bankruptcy estate.[18] Unlike other cases in which claims have been held to be rooted in the pre-bankruptcy past, plaintiff's allegations that she performed overtime work are maintainable without any reference to her pre-bankruptcy past. Although plaintiff will need to refer to some pre-petition events in order to prove her wages, specifically, the alleged increase in her pay due to her friendship with N. Patel, these events are not for these purposes related to plaintiff's allegations that she was not compensated for overtime work. *See, e.g., Charts,* 300 B.R. at 558 (causes of action arising from contract formed after filing of bankruptcy petition are not part of the bankruptcy estate); *Doemling*, 127 B.R. at 957 (causes of action arising from a car accident that occurred five months after the bankruptcy petition was filed are not part of the bankruptcy estate); *Cruz v. Montgomery*, 799 N.Y.S.2d 159 (N.Y. Sup. Ct. 2004) (medical malpractice claims arising after the petition was filed are not part of the bankruptcy estate); *Lamanna v. Carrigan*, 762 N.Y.S.2d 233 (N.Y. City Civ. Ct. 2003) (causes of action arising from a car accident that occurred one month after the bankruptcy petition was filed are not part of the bankruptcy estate); *cf. Strada*, 326 B.R. at 238 (holding post-petition claims of malpractice were rooted in the pre-bankruptcy past because the allegations of lack of due care related to the firm's

---

[18] As defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel seek to amend the answer to include the affirmative defense of lack of standing with regards to plaintiff's FLSA and Labor Law overtime claims only, those are the sole claims addressed here.

pre-petition advice and the plaintiff's injury was suffered at the moment the petitions were filed).

Thus, plaintiff's claims are not sufficiently rooted to her pre-bankruptcy past in order to make them property of the bankruptcy estate.

Because plaintiff's overtime claims would not have been property of the bankruptcy estate, defendants Ndola Pharmacy, Ndola Holding, K. Patel, and N. Patel's motion to amend the answer to assert plaintiff's lack of standing to raise claims for damages other than her overtime wages prior to March 14, 2001 is futile. As such, defendants' motion to amend the answer to assert plaintiff's lack of standing prior to March 14, 2001 is denied.

<u>Conclusion</u>

For the reasons stated above, defendants' motion for partial summary judgment on plaintiff's FLSA and state law overtime claims is denied. Defendants' motion to "remand" plaintiff's state law claim of sexual harassment by N. Patel is denied. Since the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims of sexual harassment by M. Patel and Hameed, unlawful retaliation, negligent retention and supervision of a supervisor, intentional infliction of emotional distress, and battery, those claims are dismissed without prejudice. Defendants Ndola Pharmacy's, Ndola Holding's, K. Patel's, and N. Patel's motion to dismiss Ndola Holding is granted. Defendants Ndola Pharmacy's, Ndola Holding's, K. Patel's, and N. Patel's motion to dismiss N. Patel and K. Patel is denied. Defendants Ndola Pharmacy's, Ndola Holding's, K. Patel's, and N. Patel's motion to amend the answer to assert plaintiff's lack of standing prior to the filing of plaintiff's bankruptcy petition on November 14, 2000 is granted. Finally, defendants Ndola Pharmacy's, Ndola Holding's, K. Patel's, and N. Patel's motion to

amend the answer to assert plaintiff's lack of standing for the period between November 14, 2000 and plaintiff's release from bankruptcy on March 14, 2001 is denied.

Dated: Brooklyn, New York
   June 29, 2007

_Ramon E. Reyes, Jr._

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**